13-2561
Fadiga v. Holder

BIA
Bukszpan, IJ
A070 696 966

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand fifteen.

PRESENT:
> **PETER W. HALL,**
> **GERARD E. LYNCH,**
> **SUSAN L. CARNEY,**
> *Circuit Judges.*

---

**YOUSSOUF DOUMBOUYA, AKA YOUSOUF DOUNBOUYA, AKA SEBU KABA,**
> *Petitioner*,

v.                                                              No. 13-2561-ag

**ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,**
> *Respondent*.*

---

**FOR PETITIONER:**          Gary J. Yerman, Yerman & Assocs., LLC, New York, New York.

**FOR RESPONDENT:**          Stuart F. Delery, Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Siu P. Wong, Trial

---

\* The Clerk is respectfully requested to amend the caption accordingly.

Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Youssouf Doumbouya, a native and citizen of Guinea, seeks review of a May 31, 2013, decision of the BIA affirming a November 29, 2011, decision of an Immigration Judge ("IJ") denying his application for cancellation of removal. *In re Youssouf Doumbouya*, No. A070 696 966 (B.I.A. May 31, 2013), aff'g No. A070 696 966 (Immig. Ct. N.Y. City Nov. 29, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the BIA's decision alone because it did not adopt the decision of the IJ. *Belortaja v. Gonzales*, 484 F.3d 619, 623 (2d Cir. 2007); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Although we generally lack jurisdiction to review the agency's denial of cancellation of removal based on an alien's failure to establish hardship to a qualifying relative, 8 U.S.C. § 1252(a)(2)(B); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2007), we retain jurisdiction to review constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D). A question of law may arise when "some facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Whether the agency applied an erroneous legal standard also raises a question of law. *See Noble*

*v. Keisler*, 505 F.3d 73, 78 (2d Cir. 2007).  We review such questions of law de novo.  *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

The BIA concluded that the IJ's grant of withholding of removal to Doumbouya's wife, Mbalou Fadiga, mooted the issue of whether his removal would cause hardship to his children because his children could remain in the United States with their mother.  In making that determination in the first instance, however, the BIA engaged in improper fact-finding.  *See* 8 C.F.R. § 1003.1(d)(3)(iv) (prohibiting the BIA from engaging in fact-finding other than "taking administrative notice of commonly known facts such as current events or the contents of official documents"); *see also De La Rosa v. Holder*, 598 F.3d 103, 107-08 (2d Cir. 2010).  The IJ did not have occasion to consider whether Fadiga alone could serve as a caretaker for the children, despite evidence in the record that Doumbouya was the sole provider for his family and any other evidence that might bear on Fadiga's capacity to serve as a single parent, *see Mendez*, 566 F.3d at 322-23, because *both* parents were in removal proceedings before the IJ at that time.  Such consideration is critical in this case, given that it is undisputed that the daughter would face female genital mutilation if she accompanied her father back to Guinea.  *See Mendez*, 566 F.3d at 322-23; *see also In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 471-72 (B.I.A. 2002) (finding that applicant established requisite hardship to her six U.S. citizen children as she provided sole financial support for those children, she did not have any family remaining in her home country, and her children did not speak her native language). Given that the BIA did not provide an alternative basis for denying cancellation of removal, its improper fact-finding requires remand.  *See Mendez*, 566 F.3d at 322-23; *De La Rosa*, 598 F.3d at 108.

3

For the foregoing reasons, the petition for review is GRANTED.   The pending motion for

a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4